IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2023 Term

**FILED**

**March 31, 2023**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 21-0506

WARRIOR OIL AND GAS, LLC,
And
WOG MINERALS, LLC,
Petitioners,

v.

BLUE LAND SERVICES, LLC,
Respondent.

Appeal from the Circuit Court of Monongalia County
The Honorable Susan B. Tucker
Case No. 19-C-159

REVERSED AND REMANDED

Submitted: January 31, 2023
Filed: March 31, 2023

William J. Leon, Esq.
William J. Leon, LC
Morgantown, West Virginia
Counsel for Petitioners

Lance E. Rollo, Esq.
Attorney at Law
Morgantown, West Virginia
Counsel for Respondent

JUSTICE ARMSTEAD delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      "In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied.  The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard.  Questions of law are subject to a *de novo* review."  Syl. Pt. 1, *Public Citizen Inc. v. First National Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

2.      "When a contract has been only partially performed, or performed in an incomplete or inferior manner, if the contract is apportionable, and the labor done and material furnished is appropriated by the other party to the contract, he is liable to the contractor for what such labor and material are reasonably worth, to be determined by the contract price, less payments, damages sustained, and what it would cost to complete the contract."  Syl. Pt. 3, *Thomas & Moran v. Kanawha Valley Traction Co.*, 73 W. Va. 374, 80 S.E. 476 (1913).

3.      "The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter."  Syl. Pt. 2,  *Gulfport Energy Corporation v. Harbert Private Equity Partners, LP*, 244 W. Va. 154, 851 S.E.2d 817 (2020).

4.     "West Virginia Code section 56-6-27 (eff. 1923) provides the exclusive means by which to obtain prejudgment interest in any action founded on contract."  Syl. Pt. 1, in part, *Miller v. WesBanco Bank, Inc.*, 245 W. Va. 363, 859 S.E.2d 306 (2021).

5.     "Where there exists no statute or express written agreement establishing the type of prejudgment interest as being compound, and in the absence of a recognized exception which would permit the recovery of compound prejudgment interest, prejudgment interest is simple in kind."  Syl. Pt. 4, *Hensley v. West Virginia Dept. of Health and Human Resources*, 203 W. Va. 456, 508 S.E.2d 616 (1998).

ARMSTEAD, J.:

This is an appeal from the Circuit Court of Monongalia County's May 25, 2021 Order (hereinafter "2021 Order") awarding Respondent damages following a bench trial. Petitioners argue that the circuit court erred by prohibiting them from presenting evidence at the bench trial. Petitioners also assert that the 2021 Order is insufficient and that the award is improper because it, among other things, awards compound prejudgment interest. Respondent argues that Petitioners' dilatory conduct in the underlying proceeding resulted in them losing the right to argue that Respondent's work was substandard.

Upon careful review of the briefs, the appendix record, the arguments of the parties, and the applicable legal authority, we conclude that the circuit court erred by denying each Petitioner the ability to present a witness at the bench trial on damages. We further find that the circuit court's order awarding damages was insufficient as it lacked sufficient findings of fact and conclusions of law regarding the liable parties and the basis of liability. We therefore reverse the circuit court's "Order Granting Plaintiff's Award of Damages" entered on May 25, 2021 and remand this action for another bench trial on the issue of damages.

## I. FACTS AND PROCEDURAL HISTORY

Petitioners, Warrior Oil and Gas, LLC (hereinafter "Warrior") and WOG Minerals, LLC (hereinafter "WOG Minerals") are limited liability companies

1

headquartered in Kingwood, West Virginia. Respondent Blue Land Services, LLC (hereinafter "Blue Land"), a West Virginia limited liability company, is a land abstractor performing title examinations of land to ascertain ownership of the mineral rights associated with such properties.

On February 21, 2018, WOG Minerals and Blue Land entered into a Master Service Agreement ("MSA") related to title work. According to Petitioners, "Blue Land agreed to provide certain title abstracting work at WOG's request on a per project basis [] concerning oil and gas interests located in Monongalia County." Specifically, Section 2.0 of the MSA, provides that

> [Blue Land] shall perform land title investigations and title due diligence associated with [WOG Minerals'] operations using forms, documents and procedures provided by or approved by [WOG Minerals]. Contract work may be comprised of separate and different projects that may commence and terminate at any time during the contract period. [Blue Land] shall commence work at the agreed upon time and continue such operations diligently and without delay in strict conformity with the specifications and requirements contained herein.

Approximately five days later, on February 26, 2018, WOG Minerals issued work orders to Blue Land requesting "Full Title" searches on some parcels and "cursory" title reports on other parcels. Blue Land delivered title reports for these work orders and issued an invoice dated March 29, 2018, in the amount of $18,000.00. Petitioners claim that Blue Land's work was substandard and, as a result, they convened a meeting with their representatives and Blue Land representatives to bring the deficiencies to Blue Land's

attention.  Blue Land denies that this meeting occurred.  According to Blue Land, its work was in conformity with the MSA and industry standards, and there were no complaints about the work.  WOG Minerals did not pay the March 29, 2018 invoice.

Petitioners issued four (4) additional work orders to Blue Land in April of 2018. Work orders 89, 90, and 91 requested "cursory" title reports, and work order 93 requested an "explorative" report.  Work order 93 authorized Blue Land to perform four days' work on that assignment unless prior authorization for additional work was obtained from WOG Minerals.  Blue Land contends that it received authorization to perform additional work on work order 93.  After completing the work for the four April 2018 work orders, Blue Land issued an invoice in the amount of $34,400.00.  WOG Minerals refused to pay this invoice.

On or about June 5, 2019, Blue Land filed a civil action against Warrior and Jonathan D. Mann (hereinafter "Mr. Mann").[1]  Shortly thereafter, Blue Land moved to dismiss Mr. Mann pursuant to Rule 41 of the Rules of Civil Procedure.[2]  Warrior did not timely answer Blue Land's complaint so Blue Land filed a "Motion for Judgment by Default" on July 30, 2019.  On or about August 14, 2019, Mr. Mann filed an answer and a

---

[1] According to Blue Land, Mr. Mann is the primary principal of Warrior.

[2] Although the motion to dismiss refers generally to Rule 41, it appears that Blue Land sought dismissal pursuant to Rule 41(a)(1)(i), which permits dismissal by filing a notice "at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs."

3

motion to dismiss on behalf of Warrior. Mr. Mann signed the pleading as a "Member" of Warrior. Blue Land requested the circuit court to strike the pleading because it was filed by Mr. Mann who is not a licensed attorney. On September 4, 2019, the circuit court held a hearing on Blue Land's motion for default, Mr. Mann's motion to dismiss on behalf of Warrior, and Blue Land's motion to strike. Following the hearing, the circuit court entered an order denying Blue Land's motion for default but granting its motion to strike Warrior's answer because it was "signed by its president, who is not a licensed attorney." Further, the circuit court denied Warrior's motion to dismiss and ordered Warrior to file a response to Blue Land's complaint within thirty days of the entry of the order.

Following the September 4, 2019 hearing, Blue Land moved to amend its complaint to add WOG Minerals as a defendant in the underlying action.[3] Thereafter, an answer was filed by WOG Minerals alleging that it had been incorrectly identified as Warrior. The answer also alleged that Blue Land's "performance was not of sufficient quality or usefulness to trigger" WOG Minerals' obligation to pay under the MSA. In addition, WOG Minerals filed a counterclaim against Blue Land alleging that Blue Land breached the MSA and, as a result, WOG Minerals suffered "substantial damages, lost

---

[3] It is not clear from the Appendix record whether Blue Land's motion to amend was granted. We note that current counsel for Petitioners raised this issue during the damages hearing on May 19, 2021. However, because Petitioners do not challenge the entry of default, we will not address this issue in the current appeal.

4

profits and lost revenue in excess of $1,000,000.00." The answer and counterclaim were filed by Joseph H. Fox, Esquire.

Blue Land served its first set of discovery on or about January 29, 2020. The case style in the discovery requests reflects two defendants – Warrior and WOG Minerals. The title of the discovery requests indicates that the requests were intended for Warrior, but the initial paragraph requests Warrior "and or" WOG Minerals to respond. On or about March 4, 2020, WOG Minerals responded to the requests for admission but did not respond to the interrogatories or requests for production. The case style for the responses to the requests for admissions reflect only one defendant – Warrior. On that same date, counsel Joseph H. Fox, who identified himself as "counsel of record for the Defendant" WOG Minerals incorrectly identified as Warrior, moved to withdraw as counsel. On or about April 20, 2020, Blue Land moved to compel the outstanding discovery responses. On May 11, 2020, a hearing was held on the motion to withdraw. At that time, co-counsel, Sean Logue, joined in Mr. Fox's motion and sought permission for both attorneys to withdraw. Mr. Fox and Mr. Logue were permitted to withdraw as counsel of record. In the order granting Mr. Fox and Mr. Logue permission to withdraw, the circuit court clearly referred to two separate defendants – Warrior and WOG Minerals. In a separate order, the circuit court granted Blue Land's motion to compel. Petitioners were ordered to file "substantive

5

answers to Plaintiff's Interrogatories and Request for Production of Documents on or before June 18, 2020."[4]

On June 18, 2020, Warrior served answers to the outstanding discovery requests. However, the answers were submitted and filed by Mr. Mann despite the circuit court's previous ruling that he could not file documents on behalf of Petitioners. Blue Land moved to strike Petitioners' purported responses to its first set of interrogatories. Blue Land also moved for default judgment. On July 28, 2020, the circuit court held a telephonic hearing on Blue Land's motion, and on July 30, 2020, the circuit court entered an order granting Blue Land's motion to strike Petitioners' interrogatory responses. Further, the circuit court held in abeyance Blue Land's motion for default judgment and its oral motion to dismiss Petitioners' counterclaim until after the parties engaged in mediation. The parties engaged in mediation but were unable to reach a settlement.

On or about September 17, 2020, Blue Land filed a brief in support of its outstanding motions for default judgment and for dismissal of Petitioners' counterclaim. A hearing was held on these outstanding motions on October 1, 2020, and by order entered on November 5, 2020, the circuit court granted Blue Land's motion for default judgment as to Petitioners' liability. In addition, the circuit court dismissed Petitioners' counterclaim

---

[4] This ruling resulted in Petitioners having almost five (5) months to respond to Blue Land's discovery requests.

for failure to prosecute.  The circuit court scheduled a hearing on Blue Land's damages for November 6, 2020, and further ordered that Petitioners "may only call one (1) witness each in defense of [Blue Land's] claim for damages." At some point thereafter, Petitioners made the decision to call the then-presiding judge's son as their witness, resulting in the case being transferred.

The bench trial regarding damages was held on May 19, 2021.  At the outset of the bench trial, counsel advised the court that the prior circuit judge assigned to this case had ruled that Petitioners were permitted to call only one witness each.  Thereafter, there was a discussion about the dismissal of Petitioners' counterclaim and the ramifications of such dismissal.

> The Court:    [] So, that counterclaim was dismissed, doesn't that mean that the lack of payment cannot be based on the issues that were dismissed?
>
> Mr. Rollo [counsel for Blue Land]:    That's my position.  I think that Mr. Leon is taking a different position.  I think they had the opportunity to assert that in the – in their counterclaim.  They asserted – and the [Petitioners] may have asserted in the counterclaim, that has been dismissed.  Now I think they are alleging that the work is still defective and we're not going to pay.  I think that's --
>
> The Court:    I don't think they can do that because that is the nature of a counterclaim or defense and it's been struck.

7

Mr. Rollo: The argument is that they've lost the opportunity to say that the work was not done in a workmanlike manner or it was somehow substandard or it wasn't able to be used. They've lost the right to make that argument. []

The Court: I don't think they can do that because that is the nature of a counterclaim or defense and it's been struck.

Testimony was taken from Jeffrey Horne, the owner/operator of Blue Land. Mr. Horne testified about the work Blue Land performed and the unpaid invoices that form the basis of the underlying case. Mr. Horne was cross-examined by counsel for Petitioners. Blue Land presented no other witnesses. Thereafter, counsel for Petitioners indicated that he planned to present the testimony of Mr. Mann, but the circuit court refused to permit Mr. Mann to testify after hearing the proffer of his anticipated testimony.[5] The circuit court permitted brief closing statements and then counsel for Petitioners was permitted to vouch the record.

---

[5] According to the proffer of counsel, Mr. Mann would have testified to how Petitioners engaged Blue Land. In addition, Mr. Mann would have testified about a meeting regarding complaints about the quality of Blue Land's work and that he would basically contradict Mr. Horne's "entire testimony about the working relationship with Warrior."

8

Following the bench trial, the circuit court entered an order on May 25, 2021, granting Blue Land damages in the amount of $87,377.15, which represented the gross amounts from the two unpaid invoices "plus interest and late fees." Petitioners appeal.

## II. STANDARD OF REVIEW

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Public Citizen Inc. v. First National Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996). However, "[i]f the trial court makes no findings or applies the wrong legal standard," no deference attaches. *Phillips v. Fox*, 193 W. Va. 657, 662, 458 S.E.2d 327, 332 (1995).

With these standards in mind, we proceed to consider the parties' arguments.

## III. DISCUSSION

Petitioners assert that the circuit court erred in four different ways: (1) by awarding default judgment against Warrior; (2) by failing to apply the proper rule of law regarding damages; (3) by prohibiting Petitioners from offering evidence concerning the nature and quality of Blue Land's work; and (4) by awarding compound prejudgment interest.

9

For purposes of our analysis, we begin with the circuit court's order, which was entered on November 5, 2020. Earlier that year, on or about January 29, 2020, Blue Land served its first set of discovery requests in the underlying matter. After receiving no response, Blue Land sought to compel Petitioners' responses to the outstanding discovery requests. Blue Land's motion was granted, and Petitioners were given an additional thirty (30) days to file their answers. On or about June 18, 2020, incomplete responses were submitted by Mr. Mann. Following receipt of the discovery responses, Blue Land filed a motion to strike the discovery responses and for default judgment.[6] Blue Land sought to have the circuit court enter default judgment against Petitioners pursuant to Rule 37(b)(2)(C) which, as to possible sanctions for failure to comply with an order compelling discovery, provides for "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."

On November 5, 2020, the circuit court entered an order granting Blue Land's motion for default judgment as to Petitioners' liability. In addition, the circuit court dismissed Petitioners' counterclaim for failure to prosecute. Importantly, the circuit court also ordered that Petitioners "may only call one (1) witness each in defense of [Blue Land's] claim for damages." Because Petitioners disclosed the judge's son as a potential

---

[6] Blue Land's discovery requests consisted of "requests" and "requests for admission." However, Blue Land only sought to strike Petitioners' answers to Blue Land's interrogatories.

10

witness, the circuit court judge originally assigned to this case disqualified himself, and the case was reassigned.

The bench trial on damages took place on May 19, 2021. It is clear from a review of the transcript of the bench trial on damages that the circuit court was not aware that Petitioners' witnesses had been limited prior to the date of the bench trial.[7] In addition to the discussion regarding the limitation on witnesses, there was also a discussion about whether WOG Minerals was even a party to the underlying action.[8] We decline to address the issue as to whether WOG Minerals was properly added as a party as such issue is not properly before this Court and, indeed, we consider it to be waived.

We now turn our attention to the order being appealed and the damages awarded to Blue Land.

A.     THE MAY 25, 2021 ORDER

---

[7] After being informed by counsel that Petitioners were only allowed to "call one witness each in defense of [Blue Land's] claims," the circuit judge stated that she was "dumbfounded."

[8] Counsel for Petitioners indicated that Blue Land filed a motion to amend its Complaint to add WOG Minerals as a defendant, but he could not determine whether that motion was granted. This issue had not been noticed for argument nor was the circuit court aware that it would even be mentioned. In an effort to address this issue, the circuit court looked through the file and located at least one order that acknowledged that WOG Minerals was a party to the case. Further, Petitioners failed to specifically appeal the entry of default against WOG Minerals and do not, in fact, assign as error the entry of default against WOG Minerals.

11

Following the bench trial on May 19, 2021, the circuit court entered an order on May 25, 2021 granting Blue Land damages totaling $87,377.15. The award was apportioned as follows:

1.  Twenty Eight Thousand Five Hundred and Fifty Seven Dollars and Forty-eight Cents ($28,557.48), which represents the gross amount of [Blue Land's] first invoice as enumerated in Exhibit Five (5) plus interest and late fees enumerated in [Blue Land's] Exhibit Twelve (12); and

2.  Fifty Eight Thousand Eight Hundred Dollars and Sixty-seven Cents ($58,819.67), which represents the gross amount of [Blue Land's] second invoice as enumerated in Exhibit Six (6) plus interest and late fees enumerated in [Blue Land's] Exhibit Twelve (12)[.];

Petitioners argue that the 2021 Order is deficient and requires the instant case to be reversed and remanded to the circuit court. In support of this argument, Petitioners assert that the Order does not contain findings of fact or conclusions of law regarding "whether and to what extent damages were awarded against WOG Minerals on breach of contract or unjust enrichment." Although the 2021 Order identifies the exhibits that were introduced during the bench trial, it does not contain any findings of fact or conclusions of law.[9]

---

[9] Although the order states that all of Blue Land's exhibits were introduced "with no objection from the [Petitioners]," a review of the transcript from the bench trial reveals that counsel for Petitioners objected to Exhibit 12, "Invoice Late Fees."

When considering the issue of findings required by the court, Rule 52(a) of the West Virginia Rules of Civil Procedure provides guidance in cases that proceed to a trial without a jury.[10]   Rule 52(a) provides, in part:

> [i]n all actions tried upon the facts without a jury …, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58 … Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses…. It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the court.

*Id.*  The 2021 Order identifies the parties and their counsel, lists twelve (12) exhibits that were introduced by Blue Land, incorporates the exhibits and makes them part of the Order and orders "after hearing both testimony and proffers from Counsel," that Blue Land is entitled to an award of damages.  The 2021 Order contains no findings of fact or conclusions of law and fails to mention the circuit court's decision to prohibit Petitioners from calling witnesses.  Rather, it simply identifies exhibits and then awards damages.  Accordingly, the circuit court's Order does not comply with the requirements of Rule 52(a).  Neither did the circuit court make the required findings of fact or conclusions of law orally during the hearing as permitted by the Rule.  The lack of findings of fact and conclusions of law thus render the 2021 Order insufficient to permit us to undertake a proper appellate

---

[10] Rule 52(a) also provides guidance in cases that proceed to trial with an advisory jury.

13

review.  We have instructed that "[w]here findings of fact and conclusions of law are not sufficient as required by law, this Court has authority to remand for further consideration." *Phillips v. Fox,* 193 W. Va. 657, 662, 458 S.E.2d 327, 332 (1995) (internal citations omitted).  Although this issue, alone, is sufficient to reverse and remand this case, we take this opportunity to address Petitioners' additional assignments of error in order to provide guidance to the circuit court upon remand.

## B.     DAMAGES

We now shift our analysis to Petitioners' arguments regarding the damages awarded by the circuit court.

### *WARRIOR*

Petitioners argue that the circuit court erred in awarding default judgment against Warrior because the Amended Complaint did not state a claim against Warrior upon which damages may be awarded.  Paragraph 4 of the Amended Complaint provides that "Warrior Oil & Gas, LLC, is included as a Defendant individually to the extent that WOG Minerals, LLC is, or turns out to be, underinsured, undercapitalized, or otherwise unable to meet its liabilities or satisfy any judgments resulting hereunder."  According to Petitioners, this paragraph "states no cognizable claim or theory of liability under West Virginia law upon which Warrior can be held liable" for Blue Land's damages.

In response, Blue Land argues that Petitioners are asking this Court to retroactively grant a motion to dismiss that was never brought before the circuit court prior

to the bench trial on damages. West Virginia Rule of Civil Procedure 12(d) provides as follows:

> The defenses specifically enumerated in (1)-(7) in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (c) of this rule shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial.

Because the circuit court's Order does not address whether Blue Land alleges a sufficient claim against Warrior and is devoid of adequate findings of fact and conclusions of law regarding the respective Petitioners' liability for damages, upon remand, the circuit court is directed to address this argument and rule as to whether damages can be awarded against Warrior.

## *WOG MINERALS*

WOG Minerals and Blue Land entered into a MSA whereby Blue Land was to "perform land title investigations and title due diligence associated with [WOG Minerals'] operations using forms, documents and procedures provided by or approved by [WOG Minerals]." According to Blue Land, it performed services for which it was not compensated. As set forth herein, Blue Land's civil action seeking payment for services it performed eventually resulted in the circuit court granting default judgment against WOG Minerals on the issue of liability. Further, the circuit court dismissed Petitioners' counterclaim for their failure to prosecute their claims.

Petitioners argue that the circuit court erred by failing to apply the proper rule of law regarding damages, prohibiting Petitioners from offering evidence concerning the nature and quality of Blue Land's work, and awarding compound prejudgment interest. We address each of these alleged errors in turn.

With respect to the appropriate measure of damages, we observe that the circuit court's order is devoid of any analysis in this regard. Moreover, it is not clear upon which claims the circuit court awarded damages. Blue Land's Amended Complaint alleged two counts of breach of contract and two counts of unjust enrichment. However, neither the 2021 Order nor the circuit court's oral findings specify under which theory it was awarding damages to Blue Land. This is critical as this Court has held that "an unjust enrichment claim is inconsistent with a contractual dispute." *Hanlon v. AXA Equitable Life Ins. Co.*, No. 15-0337, 2016 WL 2968990, at *3 (W. Va. May 20, 2016) (memorandum decision). In *Gulfport Energy Corporation v. Harbert Private Equity Partners, LP*, 244 W. Va. 154, 851 S.E.2d 817 (2020), this Court undertook an extensive analysis of other jurisdictions' rulings on whether a valid contract on a particular subject matter precludes recovery for unjust enrichment and concluded that "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter." *Id.* at Syl. Pt. 2.

Furthermore, the 2021 Order fails to provide any reasoning to support its ruling prohibiting Petitioners from offering witnesses or evidence concerning the nature and quality of Blue Land's work. From the outset of this case, Petitioners have argued that the contract was performed in an inferior manner. To the extent this case was viewed by the circuit court as one involving a partially performed contract, this Court has held that

> [w]hen a contract has been only partially performed, or performed in an incomplete or inferior manner, if the contract is apportionable, and the labor done and material furnished is appropriated by the other party to the contract, he is liable to the contractor for what such labor and material are reasonably worth, to be determined by the contract price, less payments, damages sustained, and what it would cost to complete the contract.

Syl. Pt. 3, *Thomas & Moran v. Kanawha Valley Traction Co.*, 73 W. Va. 374, 80 S.E. 476 (1913).

During the bench trial, Blue Land argued that, based upon the court's prior dismissal of Petitioners' counterclaim, Petitioners "lost the right" to argue that Blue Land's work "was not done in a workmanlike manner or it was somehow substandard or it wasn't able to be used." In relation to this argument, the circuit court noted: "I thought that argument was gone with the counterclaim." Immediately prior to Blue Land calling its witness, the circuit court ruled,

> … the counterclaim was dismissed, it's gone, and the issues that you're bringing up [counsel for Petitioners], might have been good arguments before the counterclaim was dismissed,

17

but they are not now and they've never been brought up before. We're here for a trial upon the damages, and so, in my opinion, what needs to be done is [Blue Land] needs to show the contract, show the amount of the contract, and prove that those are the damages. And this is a damages hearing. This is not a counterclaim hearing.

The circuit court correctly noted that the hearing at issue was a damages hearing, not a counterclaim hearing. However, the effect of the dismissal of the counterclaim should have resulted in Petitioners being prohibited from offering evidence of their alleged "substantial damages, lost profits and lost revenue in excess of $1,000,000.00," as asserted in their counterclaim, but should not have prevented them from introducing evidence concerning the nature and quality of Blue Land's work in order to challenge alleged damages. In other words, dismissal of Petitioners' counterclaim meant that they were not going to be able to recover any damages from Blue Land. Only Blue Land was entitled to damages if the circuit court so found.[11] The decision to prohibit Petitioners from offering evidence concerning the nature and quality of Blue Land's work is contrary to this Court's holding in *Thomas & Moran*. Accordingly, on remand, the circuit court must permit the Petitioners to introduce evidence as to the award of damages, if any, to which Blue Land is entitled, including any relevant evidence relating to the quality of the work performed by Blue Land.

---

[11] Importantly, Petitioners were not required to file a counterclaim, and had they not done so, they were entitled to present evidence in opposition to Blue Land's damages pursuant to our prior holdings regarding contract cases.

18

Finally, we address Petitioners' argument that the circuit court erred in awarding compound prejudgment interest. The circuit court awarded Blue Land the gross amounts of the two disputed invoices "plus interest and late fees" that were enumerated in two of Blue Land's exhibits. Petitioners advance multiple arguments as to why the circuit court erred in awarding "interest and late fees" totaling over thirty thousand dollars. These amounts have been described as late fees, interest, compound interest, and "collection tactic[s]." The description of these fees is important as Mr. Horne testified that amount was a "collection tactic" that was not part of the MSA.

"West Virginia Code § 56-6-27 (eff. 1923) provides the exclusive means by which to obtain prejudgment interest in any action founded on contract." Syl. Pt. 1, in part, *Miller v. WesBanco Bank, Inc.*, 245 W. Va. 363, 859 S.E.2d 306 (2021). West Virginia Code § 56-6-27 provides as follows:

> The jury, in any action founded on contract, may allow interest on the principal due, or any part thereof, and in all cases they shall find the aggregate of principal and interest due at the time of the trial, after allowing all proper credits, payments and set off and judgment shall be entered for such aggregate with interest from the date of the verdict.

We are unpersuaded by Petitioners' argument that the circuit court could not award prejudgment interest in this case because this case was not tried to a jury. *See Velasquez v. Roohollahi*, No. 13-1245, 2014 WL 5546140, (W. Va. Nov. 3, 2014) (memorandum decision) (alluding to the fact that the circuit court was the factfinder and could award prejudgment interest if it so desired). However, with respect to the issue of

19

compound interest, this Court has previously indicated that the instances in which compound interest is recoverable are "very limited and specific." *Hensley v. West Virginia Dept. of Health and Human Resources*, 203 W. Va. 456, 466, 508 S.E.2d 616, 626 (1998). We remind the circuit court that

> [w]here there exists no statute or express written agreement establishing the type of prejudgment interest as being compound, and in the absence of a recognized exception which would permit the recovery of compound prejudgment interest, prejudgment interest is simple in kind.

*Id.* at Syl. Pt. 4.

Upon remand, we direct the circuit court to conduct further proceedings as to damages in accordance with this opinion, and to issue an order containing sufficient findings of fact and conclusions of law supporting any award of damages to Blue Land, including findings and conclusions regarding the basis for each Petitioners' respective liability for such damages and the proper calculation in accordance with applicable law of any prejudgment interest awarded.

## IV. CONCLUSION

Therefore, for the reasons set forth herein, we reverse the May 25, 2021 Order of the Circuit Court of Monongalia County, and remand this action for further proceedings consistent with this decision.

Reversed and Remanded.